Learned, P. J.
There was a verbal agreement not to manufacture but to sell. Cooke v. Millard, 65 N. Y., 352; Smith v. N. Y. C. R. R., 4 Abb. Ct. App. Dec., 262. Therefore it was void the statute of frauds.
When plaintiffs deposited the sticks on the shore of the *781 lake, according to their verbal agreement, this did not make the void agreement binding. Nothing would bind the defendant but his acceptance and receipt of his payment.
When one of the plaintiffs and the defendant met after-wards at the place where the sticks were lying, no act was done except to measure and ascertain the amount of the sticks. The defendant paid nothing and took no possession of the sticks or of any part of them.
Acceptance and receipt under the statute of frauds are acts. If they could be performed by words only, then they might be performed by words at the time of the making of the verbal agreement. The purchaser might say, “I accept and receive the goods,” and thus the object of the statute might be thwarted.
The words-are quite plain, “accept and receive.” These words do not mean simply that the buyer is to express in words his satisfaction with the vendor’s performance of the verbal agreement. They mean that he is to do something by which he shall actually accept as satisfactory and receive into his possession some part of the goods. Shindler v. Houston, 1 N. Y., 261; Hallenbeck v. Cochran, 20 Hun, 416, and other cases.
The plaintiffs cite Bacon v. Gilman, (57 N. Y, 656), and Stanton v. Small (3 Sandf., 230). Butthese were not cases of verbal agreements.
We are satisfied that there was no proof of any act of the defendant which showed an acceptance and reception of the sticks. Hence he was not bound by the verbal agreement. The learned referee, in his opinion, seems to consider that, adopting the plaintiff’s testimony as correct, the defendant expressed himself as satisfied with the sticks and promised to pay for them, deducting a certain allowance for the culls.
But everything remained in words. Nothing was done. The defendant received no part of the goods and took possession of no part. There are other questions of some consequence. But it is unnecessary to consider them.
Judgment reversed, new trial granted, referee discharged, costs to abide event.
""'ockes and Landón, JJ., concur.